IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| LARRY G. SOWELS | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| VS. | § | |
| | § | NO. 3-05-CV-1837-B |
| DOUGLAS DRETKE, Director | § | |
| Texas Department of Criminal Justice, | § | |
| Correctional Institutions Division | § | |
| | § | |
| Respondent. | § | |

**FINDINGS AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

Petitioner Larry G. Sowels, appearing *pro se*, has filed an application for writ of habeas corpus pursuant to 28 U.S.C. § 2254. For the reasons stated herein, the application should be dismissed on limitations grounds.

I.

In February 1993, petitioner was paroled from the TDCJ-ID after serving part of a 15-year sentence for aggravated robbery. Petitioner remained under supervision until August 21, 2002, when his parole was revoked for committing a theft and using illegal drugs while on release. Upon his return to TDCJ-ID custody, petitioner was denied credit on his sentence for the more than nine years he spent on parole. Petitioner's underlying conviction and sentence were affirmed on direct appeal and state collateral review. *Sowels v. State*, No. 05-89-01099-CR (Tex. App.--Dallas, Sept. 20, 1990, pet. ref'd); *Ex parte Sowels*, No. 59,174-01 (Tex. Crim. App. Jun. 9, 2004). The Texas Court of Criminal Appeals denied leave to file a writ of mandamus challenging the denial of

sentence credits for time served while out on parole. *Ex parte Sowels*, No. 59,174-02 (Tex. Crim. App. Aug. 17, 2005). Petitioner now seeks habeas relief in federal court.

II.

In three grounds for relief, petitioner contends that: (1) he is entitled to credit on his sentence for the time spent on parole; (2) the evidence was insufficient to support his conviction for aggravated robbery; and (3) he received ineffective assistance of counsel at trial.

Respondent has filed a preliminary response which suggests that this case may be time-barred under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). Petitioner addressed the limitations issue in a written reply filed on December 20, 2005. The court now determines that this case should be dismissed on limitations grounds.

A.

The AEDPA establishes a one-year statute of limitations for federal habeas proceedings. *See* ANTITERRORISM AND EFFECTIVE DEATH PENALTY ACT, Pub.L. 104-132, 110 Stat. 1214 (1996). In most cases, the limitations period runs from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking direct review." 28 U.S.C. § 2244(d)(1)(A). However, in cases challenging state parole decisions, the limitations period begins to run on "the date the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." 28 U.S.C. § 2244(d)(1)(D); *see also Sanchez v. Dretke*, No. 3-04-CV-1668-N, 2004 WL 3029727 at *1 (N.D. Tex. Dec. 30, 2004), *rec. adopted*, 2005 WL 65958 (N.D. Tex. Jan. 11, 2005) (citing cases). The AEDPA statute of limitations is tolled while a properly filed motion for state post-conviction relief or other collateral review is pending. 28 U.S.C. § 2244(d)(2). The one-year limitations period is also subject to equitable tolling in "rare and exceptional" circumstances. *See Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998), *cert. denied*,

119 S.Ct. 1474 (1999).

### B.

Petitioner was sentenced to 15 years in prison for aggravated robbery. The court of appeals affirmed his conviction on September 20, 1990 and the Texas Court of Criminal Appeals refused a petition for discretionary review on January 30, 1991. Thereafter, petitioner was paroled from TDCJ-ID custody. Petitioner remained under supervision until his parole was revoked on August 21, 2002. Upon his return to prison, petitioner was denied credit on his sentence for the time spent on parole. Petitioner challenged his underlying conviction and the denial of sentence credits in separate applications for state post-conviction relief. The first application was filed on September 25, 2003 and denied on June 9, 2004. The second application was filed on June 25, 2005 and denied on August 17, 2005. Petitioner filed the instant action challenging both his state conviction and the denial of sentence credits on September 7, 2005.

The statute of limitations on the claims relating to petitioner's state conviction started to run on April 24, 1996--the date the AEDPA became effective. *See United States v. Flores*, 135 F.3d 1000, 1005 (5th Cir. 1998), *cert. denied*, 119 S.Ct. 846 (1999) (allowing prisoners a one-year grace period after effective date of AEDPA in which to file claims for federal habeas relief). With respect to petitioner's sentence credit claim, the limitations period commenced on the date he could have discovered the factual predicate of that claim through the exercise of due diligence. At the very latest, this occurred on August 21, 2002, when petitioner was returned to TDCJ-ID custody. Yet petitioner waited more than *seven years* after the AEDPA became effective and more than *three years* after his parole was revoked before seeking habeas relief in state or federal court.[1] In his

---

[1] The court acknowledges that petitioner filed a motion to reopen his parole revocation hearing on August 21, 2002. That motion was denied by the Board of Pardons and Paroles on October 7, 2002. Even if petitioner did not discover the factual predicate of his sentence credit claim until his motion to reopen was denied, he still waited more than *two years* before seeking mandamus relief from the Texas Court of Criminal Appeals. *See Zambrano v. Dretke*, No. 2-

reply, petitioner merely restates the claims made in his federal writ and objects to the preliminary response filed by respondent. This ignores the threshold issue of limitations. Petitioner makes no attempt to explain the delay in challenging his state conviction and the denial of credit on his sentence for time spent on parole. Nor is equitable tolling permitted merely because petitioner believes he is entitled to relief. *See Melancon v. Kaylo*, 259 F.3d 401, 408 (5th Cir. 2001) ("Equitable tolling applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights."). Even a claim of actual innocence does not constitute a "rare and exceptional" circumstance sufficient to toll the AEDPA statute of limitations. *See Felder v. Johnson*, 204 F.3d 168, 171 (5th Cir.), *cert. denied*, 121 S.Ct. 622 (2000); *Mason v. Cockrell*, No. 3-03-CV-0483-H, 2003 WL 21488226 at *2 (N.D. Tex. Apr. 23, 2003); *Rhinehart v. Cockrell*, No. 3-01-CV-1177-P, 2001 WL 1512029 at *2 (N.D. Tex. Nov. 21, 2001). The court therefore concludes that this case is time-barred and should be dismissed.

## RECOMMENDATION

Petitioner's application for writ of habeas corpus is barred by limitations and should be dismissed with prejudice.

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party may file written objections to the recommendation within 10 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). The failure to file written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon

---

04-CV-033-J, 2004 WL 296880 at *2 n.3 (N.D. Tex. Feb. 20, 2004), *rec. adopted*, 2004 WL 923546 (N.D. Tex. Mar. 15, 2004).

grounds of plain error.  *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

      DATED:  December 27, 2005.

                                        JEFF KAPLAN
                                        UNITED STATES MAGISTRATE JUDGE